# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARK E. DOTTORE, RECEIVER** | ) | Judge Christopher A. Boyko |
| 2234 Canal Road | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
|            Plaintiff, | ) | Related to Case No: 1:19-cv-764 |
| | ) | |
| v. | ) | |
| | ) | |
| **CIVISTA BANK** | ) | |
| Attention: Executive Officer | ) | |
| 100 East Water Street | ) | |
| Sandusky, OH  44870 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **THE CORTLAND SAVINGS AND BANKING COMPANY** | ) | |
| Attention: Executive Officer | ) | |
| 194 West Main Street | ) | |
| Cortland, OH  44410 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **FOX CAPITAL GROUP, INC.** | ) | |
| c/o Korn & Kalise | ) | |
| 5150 Tamiami Trail | ) | |
| Suite 320 | ) | |
| Naples, FL 34103 | ) | |
| | ) | |
| Also Serve: | ) | |
| | ) | |
| **FOX CAPITAL GROUP, INC.** | ) | |
| Attention: Chief Executive | ) | |
| 1001 N. Federal Hwy., Suite 310 | ) | |
| Hallandale, FL  33009 | ) | |
| | ) | |
| and | ) | |
| | ) | |

{00025200-1 }

| | |
|---|---|
| **SATURN FUNDING LLC** | ) |
| **Attention Chief Executive** | ) |
| **16 N. Centre Street, Suite 2** | ) |
| **Merchantville, NJ   08109-2552** | ) |
| | ) |
| **and** | ) |
| | ) |
| **LIBERTAS FUNDING, LLC** | ) |
| **Attention: Chief Executive** | ) |
| **382 Greenwich Ave.** | ) |
| **Greenwich, CT   06830** | ) |
| | ) |
| **Also serve:** | ) |
| | ) |
| **LIBERTAS VENTURES, LLC** | ) |
| **Agent** | ) |
| **382 Greenwich Ave.** | ) |
| **Greenwich, CT   06830** | ) |
| | ) |
| **and** | ) |
| | ) |
| **PLATINUM RAPID FUNDING GROUP LTD.** | ) |
| **c/o Thomas Telesca, Esq.** | ) |
| **1425 RXR Plaza East Tower** | ) |
| **15th Floor** | ) |
| **Uniondale, NY   11556-1425** | ) |
| | ) |
| **Also Serve** | ) |
| | ) |
| **PLATINUM RAPID FUNDING GROUP LTD.** | ) |
| **c/o Chief Executive** | ) |
| **9 Louis Dr.** | ) |
| **Milville, NY   11747** | ) |
| | ) |
| **Also Serve** | ) |
| | ) |
| **PLATINUM RAPID FUNDING GROUP LTD.** | ) |
| **Principal Executive Office** | ) |
| **348 RXR Plaza** | ) |
| **Uniondale, NY   11556** | ) |
| | ) |

| | |
|---|---|
| **and** | ) |
| | ) |
| **WELLS FARGO VENDOR** | ) |
| **FINANCIAL SERVICES, LLC** | ) |
| 300 E. John Carpenter Freeway | ) |
| Irving, TX 75062 | ) |
| | ) |
| **Also serve:** | ) |
| | ) |
| **WELLS FARGO VENDOR** | ) |
| **FINANCIAL SERVICES, LLC** | ) |
| c/o Statutory Agent | ) |
| Corporation Service Company | ) |
| 50 W. Broad St., Suite 1330 | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| **and** | ) |
| | ) |
| **ALAN J. TREINISH, Trustee for Patrick** | ) |
| **J. Butler and Kelli Butler** | ) |
| 50 Public Square, Suite 924 | ) |
| Cleveland, OH 44113 | ) |
| | ) |
| **and** | ) |
| | ) |
| **THE MARINA AT THE WESTLAKE** | ) |
| **CONDOMINIUM UNIT OWNERS'** | ) |
| **ASSOCIATION, INC.** | ) |
| c/o K&C Service Corporation, Statutory | ) |
| Agent | ) |
| 50 Public Square, Suite 2000 | ) |
| Cleveland, OH 44113 | ) |
| | ) |
| **and** | ) |
| | ) |
| **JOSEPH PLONSKI dba PLONSKI** | ) |
| **REALTY** | ) |
| 7604 McCreary Rd. | ) |
| Seven Hills, OH 44131 | ) |
| | ) |
| **and** | ) |
| | ) |
| | ) |
| | ) |

{00025200-1} 3

| | |
|---|---|
| **CAPITAL ONE BANK (USA), N.A.** | ) |
| **Attention: Executive Officer** | ) |
| **4851 Cox Rd.** | ) |
| **Glen Allen, VA 23060** | ) |
| | ) |
| and | ) |
| | ) |
| **MICHAEL CHAMBERS, CUYAHOGA** | ) |
| **COUNTY FISCAL OFFICER** | ) |
| **Cuyahoga County Administration** | ) |
| **Headquarters** | ) |
| **2079 East Ninth Street** | ) |
| **Cleveland, OH 44115** | ) |
| | ) |
| and | ) |
| | ) |
| **CIT BANK, N.A.** | ) |
| **Attention: Chief Executive** | ) |
| **155 Commerce Way** | ) |
| **Portsmouth, NH 03801** | ) |
| | ) |
| Also serve: | ) |
| | ) |
| **CIT BANK, N.A.** | ) |
| **c/o Neil C. Sander, Esq.** | ) |
| **Sander Law, LLC** | ) |
| **100 S. Fourth St., Suite 100** | ) |
| **Columbus, OH 43215** | ) |
| | ) |
| and | ) |
| | ) |
| **HYDRACRETE PUMPING** | ) |
| **c/o Robert A. Drake** | ) |
| **18950 Rockcliff Dr.** | ) |
| **Rocky River, OH 44116** | ) |
| | ) |
| and | ) |
| | ) |
| **CUYAHOGA LANDMARK, INC.** | ) |
| **c/o Gary L. Smith** | ) |
| **12782 Prospect Rd.** | ) |
| **Strongsville, OH 44136** | ) |
| | ) |
| and | ) |

|  |  |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORP.<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH   43219<br><br>               **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RECEIVER'S COMPLAINT TO (I) DETERMINE THE VALIDITY, PRIORITY AND EXTENT OF LIENS AND OWNERSHIP INTERESTS IN RECEIVERSHIP ESTATE PROPERTY, (II) MARSHAL LIENS AND/OR ASSETS; AND FOR DECLARATORY RELIEF**

Now comes Mark E. Dottore, the Court-appointed receiver (the "**Receiver**") for 21st Century Concrete Construction Inc. ("**21st Century**" or the "**Receivership Entity**"), by and though counsel, and files this Complaint ("**Complaint**") seeking (i) to determine the validity, priority and extent of liens and ownership interests in Receivership Estate property; (ii) to marshal the liens and/or assets in the Receivership Entity; and (iii) for a declaratory judgment pursuant to 28 U.S.C. §2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure (the "**Federal Rules**").

### Parties and the Two Estates

1.     *The Plaintiff.* On May 17, 2019, the United States District Court for the Northern District of Ohio (the "**District Court**") entered its Order Appointing Receiver [Docket no. 10] (the "**Receiver Order**")[1] in Case No. 1:19-cv-764-CAB,

---

[1] A complete copy of the Receiver Order is attached hereto as Exhibit A. The Receiver posted the required bond and docketed his oath on May 17, 2019 [Receivership Action, Docket Item no. 11].

{00025200-1}                                                5

*Trustees of the Building Laborers Local 310 Pension Fund, et al. v. 21st Century Concrete Construction Inc.* (the "**Receivership Action**") and thereby appointed Mark E. Dottore as the receiver (the "**Receiver**") for the receivership estate (the "**Receivership Estate**") of 21st Century Concrete Construction Inc. ("**21st Century**" or the "**Receivership Entity**").

2. *The Receivership Estate*. Pursuant to the Receiver Order, the Receivership Estate consists of (a) the Receivership Entity and (b) all of its "Property" (as defined in Par. no. 1 of the Receiver Order and further detailed in Par. no. 2 of the Receiver Order).

3. *The Butlers' Bankruptcy Case*. On December 10, 2019 (the "**Petition Date**"), Patrick J. Butler ("**Butler**") and Kelli Butler filed their voluntary joint petition (the "**Joint Petition**") for relief under chapter 7 of the Bankruptcy Code, thereby commencing Northern District of Ohio Bankruptcy Case No. 19–17489, *In re Patrick J. Butler and Kelli Butler* (the "**Butlers' Bankruptcy Case**").

4. The commencement of the Butlers' Bankruptcy Case created an estate (the "**Bankruptcy Estate**") consisting of all of the property detailed in section 541(a) of the Bankruptcy Code and not excluded from the estate by section 541(b) or (d) of the Bankruptcy Code.

5. *Defendant Alan J. Treinish, Trustee*. Alan J. Treinish is the trustee (the "**Trustee**") for the Estate of Patrick J. Butler and Kelli Butler (the "**Bankruptcy Estate**").

{00025200-1}                                     6

6. All other named defendants (the "**Defendants**") have, claim or may claim, a secured interest in assets in the Receivership Estate.

## Jurisdiction and Venue

7. *The Receivership Action.* The District Court has original jurisdiction over the Receivership Action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132; Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185; and because this is ancillary to the Receivership Action by virtue of 28 U.S.C. § 1367 Supplemental Jurisdiction.

8. *Declaratory Judgment.* This action seeks, *inter alia*, a declaratory judgment pursuant to Bankruptcy Rule 7001(9) and 28 U.S.C. § 2201 and 2202.

9. *Venue.* Venue in this district is appropriate because, under the Receiver Order, the court has acquired jurisdiction over the assets of the Receivership Entity.

## Authority of the Receiver to Bring This Action

10. Pursuant to par. no. 1 of the Receiver Order, the Receiver "is authorized to take possession and control of all of the real and personal property *arising out of or pertaining to* the Receivership Entity" (*emphasis added*).

11. Pursuant to par. no. 2 of the Receiver Order, the Receiver is ordered to "take immediate possession, control, management, operation and charge of the Receivership Entity and its Property."

12. Pursuant to par. no. 2.b. of the Receiver Order, the Receiver is ordered to "take immediate possession, control, management and charge of the Property, including . . . all choses in action and causes of action, including avoidance actions for transfers of any of the assets of the Receivership Entity for less than equivalent value against transferees of those assets, and any other asset or interest owned by the Receivership Entity or in which the Receivership Entity asserts an interest which has any value which pertains to the Property[.]" (*emphasis added*)

13. Par. no. 2.b. of the Receiver Order further provides that "the Property [is] hereby placed in *custodia legis* and [is] subject to the exclusive jurisdiction of [the District] Court."

14. Pursuant to par. no. 2.i. of the Receiver Order, "The Receiver is authorized to institute, prosecute, or intervene in any lawsuit or summary proceeding against any other person(s) or entity(ies) to preserve and/or maximize the value of the Property or to obtain possession of any of the Property unlawfully in the possession of third parties."

### Prepetition Actions Taken by the Receiver to Recover Assets Titled in the Name of Butler or in the Name of Entities Related to Butler

15. Butler is the sole equity owner of the Receivership Entity. *See* Butlers' Bankruptcy Case Docket Item no. 1 (the "**Butlers' Schedules**") at p. 16; Schedule A/B, item 19.

16. Enterprise Trucking & Machinery Company ("**Enterprise Trucking**") is an Ohio corporation formed by Butler in February 2007, wholly owned by Butler

{00025200-1}  8

(*see* Butlers' Schedules at p. 16; Schedule A/B, item 19), and operated at all times under the sole control of Butler.

17. Enterprise Realty Group, LLC ("**Enterprise Realty**") was an Ohio limited liability company which was formed by Butler in February 2007, wholly owned by Butler (*see* Butlers' Schedules at p. 16; Schedule A/B, item 19), dissolved in August 2007, and operated at all times under the sole control of Butler.

18. Pursuant to an investigation, the Receiver determined that property titled in the name of Enterprise Trucking was paid for with money from the Receivership Entity. On July 3, 2019, the Receiver filed a motion in the Receivership Action [Receivership Action, Docket Item no. 28] seeking the turnover of the personal property and the real property assets of Enterprise Trucking and of Enterprise Realty into the Receivership Estate which motion was granted by a docket order entered in the Receivership Action on July 30, 2019.

19. Also pursuant to his investigation, the Receiver determined that Receivership Entity funds were used to pay for assets titled in the names Butler and or Kelli Butler (collectively the "**Disputed Property**"). Accordingly, the Receiver took steps to incorporate the Disputed Property into the Receivership Estate.[2]

---

[2] To be clear: the discussion of the Disputed Property is for the purpose of information and narrative and the Receiver does not intend that this discussion of the Disputed Property constitutes an act (i) to obtain possession of property of the estate or (ii) to exercise control over property of the estate or (iii) to interfere with any assets that are subject to the stay pursuant to 11 U.S.C. § 362 in the Bankruptcy Case.

{00025200-1}            9

20. On October 7, 2019, the Receiver filed a motion in the Receivership Action seeking the turnover of three specific parcels of real property—(1) 4304 Franklin Boulevard, Cleveland, Cuyahoga County, Ohio 44113, PPN 003-25-073 (the "**Franklin Boulevard Real Property**"); (2) 28505 Osborn Road, Bay Village, Cuyahoga County, Ohio 44140, PPN 202-29-014 (the "**Osborn Road Real Property**"); and (3) Unit A-24 of The Marinas at Westlake Condominiums, Lake Road, Rocky River, Ohio 44116, PPN 301-21-910C (the "**Dock**")—which motion was automatically stayed as a result of the commencement of the Butlers' Bankruptcy Case.

21. An inventory of the property (sold and unsold) purchased with funds from the Receivership Entity is as follows:

### Property Titled in Receivership Entity's Name

22. The Receivership is (or was) the holder of the legal title to the following property:

- The Receivership Entity's Corporate Headquarters building located at 13925 Enterprise Ave, Cleveland, OH 44135;
- Equipment on site at the Receivership Entity's headquarters as is listed on the attached Exhibit A;
- Vehicles listed on the attached Exhibit B;
- The Receivership Entity's Accounts Receivable.

### Property Titled in the Name of Enterprise Trucking

23. Enterprise Trucking is (or was) the holder of the legal title to the following property:

- Real estate known as 4130-4150 Bradley Road, Cleveland, Ohio 44109;

**Disputed Property Titled in Butler's Name**

24. Butler is (or was) the holder of the legal title to the following property:

- the Franklin Boulevard Real Property (*see* Butlers' Schedules at p. 11; Schedule A/B, item 1.2);

- a 1995 Land Rover Defender 90 (*see* Butlers' Schedules at p. 12; Schedule A/B, item 3.1) (the "**Land Rover**");

- a 1967 Toyota FJ45 pickup truck (*see* Butlers' Schedules at p. 12; Schedule A/B, item 3.2) (the "**Toyota Pickup**");

- a 1975 Toyota FJ55 station wagon (*see* Butlers' Schedules at p. 12; Schedule A/B, item 3.3) (the "**Toyota Station Wagon**"); and

- a 2008 Sea Ray Bravo III 240 Sundeck (*see* Butlers' Schedules at p. 12; Schedule A/B, item 4.1) (the "**Sea Ray**").

25. Butler and Kelli Butler are (or were) the holders of the legal title to the following Disputed Property:

- the Osborn Road Real Property (*see* Butlers' Schedules at p. 10; Schedule A/B, item 1.1);

- the Dock (*see* Butlers' Schedules at p. 11; Schedule A/B, item 1.3); and

- a 2011 Ace boat trailer (*see* Butlers' Schedules at p. 13; Schedule A/B, item 4.2) (the "**Boat Trailer**").

26. Kelli Butler is (or was) the holder of the legal title to the following Disputed Property:

- a 2016 GMC Yukon Denali (*see* Butlers' Schedules at p. 12; Schedule A/B, item 3.4) (the "**Yukon Denali**").

27. Each of the Defendants may have secured claims in any or all of the assets listed above.

28. It is necessary for the Receiver to review the Defendants' claims, liens and interests in the assets and marshal the claims, liens and interests in order to

determine the validity, priority and extent of liens on property and cash in the Receivership Estate.

## COUNT ONE
### (Declaratory Relief)

29. The Receiver incorporates, as if fully rewritten herein, each and every allegation set forth in paragraph 1 through 27 of the Complaint.

30. The Receiver seeks a declaratory judgment establishing the validity, priority and extent of any interest that any of the Defendants has in an asset or assets of the Receivership Estate.

31. The Receiver requests that the Court issue declaratory judgment with regard to the validity, priority and extent of each Defendant's claim in each asset of the Receivership Estate.

## COUNT TWO
### (Equitable Marshaling of Liens, Claims and Interests)

32. .The Receiver incorporates by reference, as if fully rewritten herein, each and every allegations set forth in paragraphs 1 through 30 of this Complaint.

33. Some of the Defendants have secured claims, liens and interests in the Receivership Entity's property and proceeds from the sale of the Receivership Entity's property.

34. Some of the Defendants have secured claims, liens and interests in the Disputed Assets.

35. Equitable marshaling of assets rests upon the principle that a creditor, having two funds to satisfy his debt, may not by his application of them to his

demand, defeat another creditor, who may resort to only one of the funds. *Meyer v. United States*, 375 U.S. 233, 236, 84 S.Ct. 318, 321 (1963).

36. The Receiver seeks to equitably marshal the Defendants' liens, claims and interests in order to determine the fairest and the most just treatment of all lienors (including junior lienors) in the Receivership Estate's assets.

37. By marshaling liens, the Receiver seeks to properly and rationally determine the validity priority and extent of all of the Defendants' secured claims, liens and interests.

38. The Receiver seeks declaratory judgment with regard to the equitable marshaling of each Defendant's claim in each asset of the Receivership Estate.

WHEREFORE, the Receiver requests the following relief:

a. On Counts One and Two of this Complaint, that each Defendant named in the caption of this Complaint, timely and by written answer assert their secured claims, liens and interests in the property of the Receivership Entity; and

b. One Counts One and Two, and for the solely the purpose of marshaling the secured liens, claims and interests of Enterprise Trucking or the Disputed Property or the proceeds thereof with respect to the property of the Receivership Entity, that each Defendant named in the caption of this Complaint, timely and by written answer assert their secured claims, liens and interests in the Enterprise Trucking and Disputed Property; and

    c.  On Counts One and Two of this Complaint, a declaratory judgment determining that validity, priority and extent of all liens against the Receivership Entity's property; and

    d.  On Counts One and Two of the Complaint, a declaratory judgment regarding the equitable marshaling of lien interest among all Defendants with secured claims, liens and/or interests in more than one fund;

    e.  For such other and further relief as the Court deems just and equitable.

Dated:  April 21, 2020                Respectfully submitted,

                                       */s/ Mary K. Whitmer*
                                       Mary K. Whitmer  (0018213)
                                       James W. Ehrman  (0011006)
                                       Robert M. Stefancin  (0047184)
                                       WHITMER & EHRMAN LLC
                                       2344 Canal Road, Suite 401
                                       Cleveland, Ohio  44113-2535
                                       Telephone: (216) 771-5056
                                       Telecopier: (216) 771-2450
                                       Email: mkw@WEadvocate.net
                                                     jwe@WEadvocate.net
                                                     rms@WEadvocate.net

                                       *Counsel for Mark E. Dottore, Receiver*